IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


RICKY JOE SHUGART, #1917471       §

VS.       §       CIVIL ACTION NO. 4:14cv782

SIX UNKNOWN FANNIN COUNTY       §
SHERIFFS, ET AL.

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Plaintiff Ricky Joe Shugart, an inmate previously confined in the Fannin County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil lawsuit pursuant to 42 U.S.C. § 1983 against six unknown Fannin County sheriff deputies and the State of Texas.

The Plaintiff is complaining about events that led to his Fannin County conviction for the offense of possession of marijuana. He states that on or about September 2, 2013, he was in the privacy of his home when six unknown Fannin County deputies barged into his house without a warrant. The Plaintiff admitted to them that he had a small bag of marijuana in a drawer next to his living room seat. He was arrested. While being escorted outside, he observed agents going in and out of a greenhouse located behind his residence. One of the deputies commented about the large quantity of marijuana located in the greenhouse.

Upon the advice of his attorney, the Plaintiff pled guilty to possessing over 50 and under 2,000 pounds of marijuana. He was sentenced to ten years of imprisonment. He alleges that he was subjected to an unreasonable search and seizure, but his attorney would not consider the defense. He is asking for damages associated with the search and destruction of his property.

1

The Supreme Court has held that a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Id.* at 486. The Supreme Court thus held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In the present case, the Plaintiff is complaining about the facts surrounding his conviction for possession of marijuana. In particular, he alleges that he was the victim of an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution. A judgment in his favor in this case would necessarily imply the invalidity of his conviction. He has not shown that his conviction has been invalidated. Consequently, the lawsuit is barred by *Heck*. The lawsuit fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). The Fifth Circuit has held that claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit referred to this language as the "preferred" language. *Id.*

The Fifth Circuit raised one additional factor in *Heck* situations for courts to consider in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). The Fifth Circuit held "that it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity, . . ." *Id.* at 284. To prevent a plaintiff from refiling claims against defendants with absolute immunity, such as judges and prosecutors, such claims should be dismissed with prejudice. *Id.* at 284-85. The Plaintiff has sued the State of Texas. The Eleventh Amendment provides the State of Texas immunity from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The claims against the State of Texas should be dismissed with prejudice for all purposes. It is accordingly

**ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). It is further

**ORDERED** that the claims against the six unknown Fannin County sheriff deputies are **DISMISSED** with prejudice to their being asserted again until the *Heck* conditions are met. It is further

**ORDERED** that the claims against the State of Texas are **DISMISSED** with prejudice for all purposes. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 21st day of January, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE