IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICKY JOE SHUGART, § | | |
|    *Plaintiff* § | | |
| v. § | | CIVIL ACTION NO. 4:14cv782 |
| § | | |
| SIX UNKNOWN FANNIN CO. SHERIFFS, § | | |
| ET AL., *Defendants* § | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' "Special Appearance to Present Motion to Dismiss" (Dkt. #34). Defendants ask that the case be dismissed based on Plaintiff's failure to prosecute the case. Defendants also assert that Plaintiff has failed to state a cause of action upon which relief can be granted and the action is barred by res judicata and collateral estoppel. Upon due consideration of the case and Defendants' Motion to Dismiss, the Court concludes Defendants' motion should be granted.

### I. BACKGROUND

*Pro se* Plaintiff Ricky Joe Shugart filed a civil rights complaint pursuant to 42 U.S.C. §1983 on November 26, 2014, concerning events that led to his Fannin County conviction for possession of marijuana. He alleges that on or about September 2, 2013, he was in the privacy of his home when six unknown Fannin County deputies barged into his house without a warrant. Plaintiff admitted to them that he had a small bag of marijuana in a drawer next to his living room chair. The officers arrested Plaintiff. While being escorted outside, Plaintiff saw agents going in and out of a greenhouse located behind the house. One of the deputies commented about the large quantity of marijuana located in the greenhouse.

Agents discovered approximately forty-three fully-grown marijuana trees, ranging in height from three to eighteen feet tall in the greenhouse. They also found a barrel 75% full of freshly stripped marijuana, ice coolers containing marijuana buds, leaves, scales, bags, and plants drying in another location. At the scene, Plaintiff acknowledged responsibility for the marijuana. Ultimately, Plaintiff pled guilty to possessing over fifty and under 2,000 pounds of marijuana. He was sentenced to ten years' confinement. In the instant civil rights case, Plaintiff alleged he was subjected to an unreasonable search and seizure. Plaintiff asked for damages associated with the allegedly illegal search and destruction of his property; specifically, the greenhouse behind the house. He also claimed that Section 481.153 of the Texas Health and Safety Code was unconstitutional as applied to him when agents destroyed the greenhouse.

On January 21, 2015, this Court dismissed Plaintiff's lawsuit based on *Heck v. Humphrey*, 512 U.S. 477 (1994) (Dkt. #10). On appeal, the Fifth Circuit Court of Appeals affirmed the Court's decision in all respects except for Plaintiff's challenge to the constitutionality of Texas Health and Safety Code § 481.153, as applied to him (Dkt. #26). In its opinion, the Fifth Circuit noted that this Court might hold the instant case in abeyance until the conclusion of Plaintiff's still-pending Texas state court case concerning the same incidents and issues.

Following the Fifth Circuit's opinion, Plaintiff filed several documents in the instant case, including amended complaints and motions (Dkt. ## 27-32). In an Order dated August 6, 2018, however, the Court denied Plaintiff's pending motions to lift the stay and to issue service for the Second Amended Complaint, noting the motions were premature as the Texas state court case was still pending (Dkt. #33). In that Order, the Court advised Plaintiff that he may submit comparable documents upon the final disposition in his Fannin County case, Cause No. CV-15-42338 (Dkt. #33).

On August 30, 2018, the Texarkana Court of Appeals issued its opinion affirming the dismissal of Plaintiff's underlying Fannin County case, *Shugart v. Thompson, et al.*, 2018 WL 4128209 (Tex. Civ. App. – Texarkana 2018, no pet.). In that opinion, the Texarkana Court of Appeals found that Plaintiff did not have standing to challenge the constitutionality of Section 481.153 of the Texas Health and Safety Code. Specifically, it found that Plaintiff lacked an ownership interest in the greenhouse sufficient to assert a takings claim regarding its destruction. The property was owned by Cheryl Brinlee, who consented to the destruction of the greenhouse.

## II.  FAILURE TO PROSECUTE

As a preliminary matter, the exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). Rule 41(b) of the Federal Rules of Civil Procedure permits dismissal of an action when the Plaintiff fails to prosecute his case or comply with the rules of civil procedure. This authority of the court is based on its "power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962).

Failure to serve defendants within the established ninety-day timeframe under Fed. R. Civ. P. 4(m) may justify dismissal pursuant to Fed. R. Civ. P. 12(b)(5). Further, under Fed. R. Civ. P. 41(b), dismissals with prejudice have been upheld in cases where defendants were never served and when the delay in service is so long as to signify a failure to prosecute. *Edwards v. Harris Co.*

*Sheriff's Dept.*, 864 F. Supp. 633, 636 (S.D. Tex. 1994). Where there is a clear record of delay, as in this case, dismissal with prejudice is appropriate. *Veazey v. Young's Yacht Sale & Serv.*, 644 F.2d 475, 477-78 (5th Cir 1981).

The record shows that Plaintiff failed to serve a summons on any defendant following the decision of the Texarkana Court of Appeals. The Texarkana Court of Appeals issued its decision on August 30, 2018 – more than two years ago. Plaintiff's last action on this case was January 3, 2018 – more than three years ago. Furthermore, Defendants filed their motion to dismiss on May 13, 2020 (Dkt. #34) – more than nine months ago  Plaintiff has not filed a response nor acted in any manner to prosecute his case in more than three years.

### III.  FAILURE TO STATE A CLAIM - RULE 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78; *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In deciding whether the complaint states a valid claim for relief, the Court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to Plaintiff. *Id.*  A factual allegation "merely creating a suspicion" that a plaintiff might have a right of action is insufficient. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). If the facts alleged in a complaint fail to permit the court to infer more than the mere possibility of misconduct, a plaintiff

has not shown entitlement to relief. *Id*. Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 44 F.3d at 421. In *Twombly*, the Supreme Court also noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's sole remaining claim concerns the constitutionality of Texas Health & Safety Code § 481.153 on procedural due process grounds, as applied to him. The Texarkana Court of Appeals, however, found that "since Shugart lacks ownership interest in the greenhouse sufficient to assert a taking claim regarding its destruction, he cannot show [an] actual threatened injury that will be resolved by the court's declaration." *Shugart*, 2018 WL 4128209 at *4.

Both res judicata and collateral estoppel are common law claim preclusion principles derived from the concept of judicial economy, consistency, and finality. *See Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107-108 (1991) ("[A] losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise. To hold otherwise would, as a general matter, impose unjustifiably upon those who have already shouldered their burdens, and drain the resources of an adjudicatory system with disputes resisting resolution."). Federal courts are to give "full faith and credit" to state court judgments. *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S 280, 293 (2005). Res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95–96 (1980).

The Court finds that res judicata and collateral estoppel apply in this case. Considering the decision from the Texarkana Court of Appeals in *Shugart v. Thompson, et al.*, 2018 WL 4128209, in which it found that Plaintiff had no ownership interest in the greenhouse, Plaintiff fails to state a claim upon which relief can be granted in the instant case.

### IV. CONCLUSION

In conclusion, Plaintiff failed to prosecute his case and he fails to state a claim upon which relief can be granted. For these reasons, Defendants' motion to dismiss with prejudice will be granted.

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #34) is **GRANTED** and all claims against Defendants are **DISMISSED** with prejudice. Any motions not previously ruled upon are also **DENIED**.

**SIGNED this 25th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE